**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**MICHAEL W. RICKARD, II,**

                               **Plaintiff,**                  **08-CV-0674A(Sr)**

**v.**

**WESTERN NEW YORK INDEPENDENT**
**LIVING PROJECT, INC.,**

                               **Defendant.**

_____


## REPORT, RECOMMENDATION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara,
pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon
dispositive motions.  Dkt. #4.


        On January 12, 2010, the parties appeared before the undersigned for a
status conference at which time the Court amended the Case Management Order and
afforded plaintiff additional time to respond to defendant's discovery demands and
submit to a deposition.  Dkt. #30.


        By letter dated January 21, 2010, counsel for the defendant requested
complete responses to defendant's outstanding discovery demands and proposed
dates for plaintiff's deposition.  Dkt. #31-2.

On February 10, 2010, counsel for defendant called plaintiff's office, was informed that plaintiff was not available, and left a message for plaintiff to return her call. Dkt. #31, ¶ 11. Counsel for defendant also left a message on the answering machine at plaintiff's home on February 10, 2010. Dkt. #31, ¶ 12. However, an automated response informed counsel for the defendant that plaintiff's cell phone was no longer active. Dkt. #31, ¶ 13. Counsel for defendant then attempted to send plaintiff an e-mail, but plaintiff's e-mail provider, AOL, responded that the e-mail had not been delivered because plaintiff's mailbox was full. Dkt. #31-5.

When counsel for defendant attempted to reach plaintiff at his office number on March 3, 2010, she was informed that plaintiff no longer maintains an office at that location. Dkt. #31, ¶ 16. Counsel for defendant attempted to contact plaintiff at his home on March 3, 2010, but received a recording that the phone had been disconnected. Dkt. #31, ¶ 17. Plaintiff's cell phone number continues to provide an automated response indicating that the number is not in service. Dkt. #31, ¶ 18.

Counsel for the defendant affirms that she has not received any response to the outstanding discovery and has had no communication with plaintiff since the status conference with the Court on January 12, 2010. Dkt. #31.

As a result, the Court ordered plaintiff to show cause, in writing received by the undersigned at 416 U.S. Courthouse, Buffalo, New York no later than June 11, 2010, why this matter should not be dismissed for failure to prosecute pursuant to Fed.

R. Civ. P. 41(b) and warned plaintiff that his failure to comply with the Order would result in the undersigned recommending dismissal of this action with prejudice.  Dkt. #32.  As plaintiff is an attorney registered with the Court's CM/ECF system, the Order to Show Cause was sent to plaintiff electronically.  The Court received no response from plaintiff.

> Rule 41(b) of the Federal Rules of Civil Procedure provides that
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

As dismissal for failure to prosecute is a harsh remedy, courts must consider whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to a fair day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.  *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

In the instant case, plaintiff has had no communication with opposing counsel or the Court in more than five months.  As a result, discovery is at a standstill and counsel for the defendant has yet to even receive responses to discovery demands from plaintiff or conduct his deposition, despite the fact that the allegations set forth in plaintiff's complaint pertain to the termination of his employment in May of 2007 – more

than three years ago. Plaintiff was granted an extension of time to respond to defendant's discovery demands and submit to a deposition and was afforded the opportunity to show cause why he had failed to abide by the Court's Case Management Order and prosecute his case. Plaintiff was warned that his failure to respond to the Order to Show Cause would result in a recommendation that his action be dismissed for failure to prosecute. Given *pro se* plaintiff's failure to abide by discovery deadlines and respond to the Court's Order to Show Cause, the Court can conceive of no lesser sanction than dismissal to effectively address plaintiff's failure to prosecute this action.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**June 25 , 2010**

**  s/ H. Kenneth Schroeder, Jr.  **
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**